WILLOUGHBY v. WESTERN UNION TELEGRAPH CO.

(Supreme Court, Trial Term, Fulton County. January 28, 1912.)

TELEGRAPHS AND TELEPHONES (§ 53*)—ERRORS IN TRANSMISSION OF MESSAGES —PROXIMATE CAUSE.

Where an agent sent a telegram to his principal for authority to make a contract, and the telegram in reply was not in response to the telegram sent, but showed an error in the transmission of one or the other of the telegrams, and the agent, without receiving authority from his

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

principal, made the contract, causing damages' to the principal, the negligence of the telegraph company in the transmission of either of the telegrams was not the proximate cause of the injury; but the negligent act of the agent in making the contract, in view of the telegrams, was the intervening proximate cause.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 33; Dec. Dig. § 53.*]

Action by Frank Willoughby against the Western Union Telegraph Company.  Complaint dismissed.

Horton D. Wright, for plaintiff.

Fred Linus Carroll, Geo. H. Fearons, and Francis Raymond Stark, for defendant.

H. T. KELLOGG, J.  An agent for the owner and manager of a theater telegraphed his principal as follows:

"Letter from Tennis.  If he can arrange date for 'Grace George' probably April 7th will you accept the following terms.  She to take the first six hundred dollars, you the next one hundred and fifty dollars, then seventy-five, twenty-five.  Must have a quick answer.  Wire me."

A telegram came back from the principal to the agent, which read as follows:

"If she don't play Johnstown all right first one fifty."

Acting upon the latter telegram, the agent made a contract to play Grace George upon the terms named in the telegram sent by him, from which action on his part damage to his principal ensued.

The only telegrams seen by the agent were the two the contents of which are above given.  It seems quite apparent that the telegram of the principal is not in response to the telegram of the agent.  While it contains the words "All right" which would signify that the terms mentioned were satisfactory, the propriety of drawing such an inference therefrom is destroyed by the words "first one fifty" which immediately follow, for there is no "first one fifty" in the original proposal either for Grace George or for the principal.  It seems clear that a man of ordinary intelligence and prudence would have known at once from the reading of these two telegrams that the latter was not in response to the former, and did not authorize the contract to be made as proposed in the telegram of the agent, and that some error had been made in the transmission of one or the other of the telegrams, or in the reading or the sending of the one or the other by the principal.  It was therefore a negligent act on the part of the agent to make the contract having as his authority only the telegram received from his principal.  Such negligence was the proximate cause of the injury done.  It is immaterial, therefore, that there was negligence on the part of the defendant in transmitting the message from the agent to the principal, for the chain of causation between it and subsequent damage was broken by an intervening negligent cause sufficient in itself to accomplish the result which followed.

The complaint is therefore dismissed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes